COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia

AY HWA WHITE

|  |  | OPINION BY |
|---|---|---|

v.         Record No. 1345-09-4

JUDGE D. ARTHUR KELSEY
MAY 4, 2010

ROBERT W. WHITE

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Craig D. Johnston, Judge

Adam T. Kronfeld (David L. Duff; The Duff Law Firm, on
brief), for appellant.

T. James Binder for appellee.

In this divorce case, Ay Hwa White (wife) appeals an equitable distribution award

arguing the trial court erroneously (i) considered the future needs of her husband, Robert W.

White, (ii) found he brought more assets into the marriage, and (iii) awarded him a greater share

of the marital estate.  Finding no reversible error, we affirm.

I.

When reviewing a trial court's decision on appeal, "we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citations omitted).

"That principle requires us to discard the evidence of the appellant which conflicts, either

directly or inferentially, with the evidence presented by the appellee at trial."  Brandau v.

Brandau, 52 Va. App. 632, 635, 666 S.E.2d 532, 534 (2008) (citation omitted).

Husband and wife married in 1986.  In 2007, husband filed a complaint seeking a

divorce.  Wife also requested a divorce.  Neither party sought spousal support, and both

requested an equitable distribution award.  At the time of the evidentiary hearing, husband was

75 years old and suffered from Parkinson's disease.  He lived alone in an assisted living facility.  Wife was 25 years his younger and worked for the federal government.

At the hearing, husband's counsel argued husband's age and medical condition should be considered in fashioning the equitable distribution award.  Counsel contended these considerations coupled with husband's monetary contributions to the marriage made it appropriate for the court to include in husband's award his retirement funds, most of the liquid marital assets (including CDs and savings bonds), and a greater portion of the equity in the marital home.  Wife's counsel made a general objection to any consideration of husband's "future needs."  The court twice asked husband's counsel to provide legal authorities addressing this issue, but he never did.

From the bench, the court explained its equitable distribution award in light of each of the factors in Code § 20-107.3(E).  With respect to factor 4, the court stated, "It's very hard to know just how . . . to construe that factor.  I'll only say that I have tried in my consideration to take into account their relative ages and physical and mental condition."  The court later remarked, "My conclusion, in looking at the statute and case law, that the future need, while it's certainly a factor I considered, it's not a predominant factor.  It's the property of the parties as they now have it and not their present, even their present or future needs."  After valuing the marital estate at approximately $1,200,000, the trial court awarded 55% to husband and 45% to wife.

II.

A.  CONSIDERATION OF FUTURE NEEDS

Wife contends the trial court, by mentioning husband's "future needs" during its ruling from the bench, betrayed a misunderstanding of the conceptual differences between equitable distribution and spousal support.  She argues we should vacate the award and remand it to the trial court for reconsideration without any reference to husband's "future needs."

In Virginia, "we presume [trial] judges know the law and correctly apply it." de Haan v. de Haan, 54 Va. App. 428, 445, 680 S.E.2d 297, 306 (2009) (citation omitted).  An appellant can rebut the presumption by showing, either by the ruling itself or the reasoning underlying it, the trial judge misunderstood the governing legal principles.  We are particularly skeptical, however, of appellate efforts to piece together such a conclusion from fragmented remarks from the bench.  See generally Damon v. York, 54 Va. App. 544, 555, 680 S.E.2d 354, 360 (2009) (holding it improper to "fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied").

On appeal, wife argues our holding in Reid v. Reid, 7 Va. App. 553, 565, 375 S.E.2d 533, 540 (1989), precluded the trial court from considering *any* future needs under *any* circumstances when fashioning an equitable distribution award.  We do not view Reid so broadly.  In Reid, the trial court awarded spousal support and ordered equitable distribution.  The trial court relied on the catch-all factor of the equitable distribution statute, factor 11 of Code § 20-107.3(E), to enhance the equitable distribution award based upon the payor spouse's future income and the payee spouse's need for future housing.

Though our rhetoric in Reid was broad,[1] our holding was narrow:  "Specifically, we hold that Code § 20-107.3(E)(11) does not contemplate consideration of earning capacity of one

---

[1] "It is axiomatic," we generalized, "that whatever the future may hold for either of the parties has no bearing on the issue of the appropriate division of what has been accumulated by their contributions during the marriage."  Reid, 7 Va. App. at 565, 373 S.E.2d at 540.  Some have criticized this claimed axiom as "unusual" and "highly questionable."  Lawrence J. Golden, Equitable Distribution of Property § 8.20, at 255 (Supp. 1990).

For our purposes, we will simply abide by Chief Justice Marshall's admonition that "general expressions, in every opinion, are to be taken in connection with the case in which these expressions are used.  If they go beyond the case, they may be respected, but ought not to control the judgment in the subsequent suit when the very point is [involved] for decision."  Va. Ry. & Power Co. v. Dressler, 132 Va. 342, 350-51, 111 S.E. 243, 245-46 (1922) (Burks, J.) (quoting Cohens v. Virginia, 19 U.S. 264, 399 (1821) (Marshall, C.J.)).

spouse and support needs of the other spouse, which are expressly embodied in Code § 20-107.1 and are more appropriately determined under the latter statute." Id. at 565, 373 S.E.2d at 540. The Reid holding, therefore, addressed future needs only in the context of the *catch-all factor* of the equitable distribution statute.

Here, unlike Reid, the trial court relied not on the catch-all factor but on factor 4 of Code § 20-107.3(E) which mandates consideration of the "ages and physical and mental condition of the parties."[2] Only in this context did the trial court consider husband's future needs. The court did not err by doing so. "The age of the parties obviously has nothing to do with their contributions to the marriage. Age is a valid indicator of need, however, as older parties generally have less income and more medical expenses." Brett R. Turner, Equitable Distribution of Property § 8.20, at 878 (3d ed. 2005). "Health, like age, has no direct effect on property division," but a party's physical and mental condition nonetheless remains a "valid indicator of need, since less healthy parties have smaller incomes and greater expenses." Id. at 879. Age and health, therefore, "are relevant mostly as secondary indications of financial need." Id. § 8.15, at 867.

Wife contends we can still interpret the age-and-health factor in a way that wholly ignores future needs. We do not see how. Age is inexorable. It ratchets in only one direction.

---

[2] None of our decisions applying Reid address its impact on the age-and-health factor of Code § 20-107.3(E)(4). See, e.g., Matthews v. Matthews, 26 Va. App. 638, 648 n.2, 496 S.E.2d 126, 130 n.2 (1998) (citing Reid as determining the catch-all factor cannot be used to "defeat the statutory distinction between equitable distribution and spousal support"); Gamble v. Gamble, 14 Va. App. 558, 572, 421 S.E.2d 635, 643-44 (1992) (limiting Reid's prohibition on consideration of future needs to the catch-all factor); Marion v. Marion, 11 Va. App. 659, 668, 401 S.E.2d 432, 438 (1991) (holding Reid doctrine prohibits consideration of future earning capacity when fashioning an equitable distribution award); Stainback v. Stainback, 11 Va. App. 13, 21-22, 396 S.E.2d 686, 691-92 (1990) (holding Reid prohibits consideration of prospective inheritance for equitable distribution award).

By requiring a trial judge to consider a spouse's age-related needs, the equitable distribution statute acknowledges this inescapable reality. Much the same can be said of the physical and mental conditions of the parties. When such conditions will likely continue into the future (like husband's Parkinson's disease), a trial court should consider the future. When such conditions are merely temporary, the trial court should limit its consideration accordingly.

In short, the trial court took into account husband's future needs only to the extent they related to his age and health — a mandatory consideration under Code § 20-107.3(E)(4). Neither Reid nor its progeny forbid the court from doing so.

### B. HUSBAND'S CONTRIBUTION OF ASSETS TO MARRIAGE

Wife also contests the trial court's determination that husband "came to the marriage with some more property" than wife. This finding, wife argues, unfairly skewed the equitable distribution award in husband's favor. We have reviewed the record, however, and found no instance where wife specifically brought this objection to the trial court's attention. Wife's brief on appeal does not point us to any specific objection or contend we should review the matter even if none exists.

Rule 5A:18 precludes appellants from raising for the first time on appeal "grounds asserted as a 'basis for reversal' of the trial court's judgment." Blackman v. Commonwealth, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005) (citation omitted). Exceptions to Rule 5A:18 exist — but we employ them only in rare cases, and we never invoke them *sua sponte*. See Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*); Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).

C.    AWARD OF 55% OF MARITAL ASSETS TO HUSBAND

The trial court divided the marital assets on a 55/45 ratio to husband and wife.  On appeal, wife acknowledges she has no presumptive right to a 50/50 award.[3]  She also lodges no general challenge to the trial court's exercise of discretion.  Instead, she asserts only that the disparate award resulted from the trial court's erroneous consideration of husband's "future needs" and his greater contribution of assets at the inception of the marriage.[4]  Because we disagree with wife's first assertion and find her second assertion procedurally defaulted, her challenge to the award ratio necessarily fails.

III.

Finding no reversible error in the trial court's equitable distribution award, we affirm the final divorce decree.

<u>Affirmed.</u>

---

[3]  Virginia law "does not establish a presumption of equal distribution of marital assets." <u>Watts v. Watts</u>, 40 Va. App. 685, 702, 581 S.E.2d 224, 233 (2003) (citation omitted).  "A circuit court, therefore, need not start off at the 50-yard line and then look to the discretionary factors of Code § 20-107.3(E) to move the ball marker up or down the sidelines." <u>Robbins v. Robbins</u>, 48 Va. App. 466, 480, 632 S.E.2d 615, 622 (2006).

[4] "In the instant case, as aforesaid, the trial court abused its discretion *in that* it improperly considered at least one factor, the future needs of the Husband, and improperly found and considered that the Husband possessed more property at the inception of the marriage than the Wife possessed. *Consequently*, the equitable distribution award arising from the trial court's erroneous consideration of those matters is necessarily erroneous in itself, notwithstanding the lack of any presumption concerning the equal division of property."  Appellant's Br. at 8-9 (emphasis added).