COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia


JILL MATTHEWS WILLSON

MEMORANDUM OPINION[*] BY
v.      Record No. 1187-12-2                    JUDGE WILLIAM G. PETTY
                                                APRIL 23, 2013
ROBERT GARDNER WILLSON


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

W. Mark Dunn (Leah E. Hernandez; Shaheen Law Firm, P.C.;
Dygert, Wright, Hobbs, & Heilberg, PLC, on briefs), for appellant.

William C. Scott, IV (MichieHamlett, on brief), for appellee.


Jill Willson ("wife") appeals the trial court's final divorce decree, which granted her a

divorce from Robert Willson ("husband"). On appeal, wife assigns thirteen errors to the trial

court's rulings. For the sake of brevity, we summarize the assignments of error: (1) the trial

court erred by refusing to grant wife a continuance; (2) the trial court erred by not allowing wife

to state or file objections contemporaneously with the entry of the divorce decree; (3) the trial

court erred in ruling that wife's marriage to husband condoned sexual abuse that preceeded the

marriage; (4) the trial court erred in ordering property held by the parties in Nelson County to be

sold instead of divided in kind; and (5) the trial court erred in calculating the amount of spousal

support awarded to husband. In his brief, husband also assigns error to the trial court's rulings,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

arguing that the trial court erred in failing to calculate husband's tax consequences of receiving spousal support.

For the reasons expressed below, we affirm the judgment of the circuit court.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)). "On interpretations of the law as it applies to [the evidence], however, we review the circuit court's ruling *de novo* . . . ." Lewis v. Lewis, 53 Va. App. 528, 536, 673 S.E.2d 888, 892 (2009).

II.

A. Motion for a Continuance

Wife first argues that the trial court erred by denying her motion for a continuance. We disagree.

> The decision to grant a motion for a continuance is within the
> sound discretion of the [trial court] and must be considered in view
> of the circumstances unique to each case. The [trial court's] ruling
> on a motion for a continuance will be rejected on appeal only upon
> a showing of abuse of discretion *and* resulting prejudice to the
> movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

This case began with a bill of complaint, which was filed on November 2, 2005. The case was actively litigated from the date of the bill of complaint until March 2009. At that time, the case lay dormant until wife's counsel filed a motion to withdraw as counsel, which was

granted on August 9, 2010. The case again lay dormant until August 15, 2011, when the trial court set the date for trial for March 9, 2012. Wife retained new counsel on January 20, 2012. On January 24, 2012, five months after the date for trial was set, wife filed her motion for a continuance. The trial court denied her motion.

Wife argues that the trial court abused its discretion because she was not able to retain counsel until January 20, 2012 due to medical issues. Wife further argues that because of the medical issues she was able neither to assist her counsel in preparation for trial nor to personally participate in the trial. At the motion hearing, wife did not present any evidence—in the form of expert testimony or otherwise—that supported her argument. Instead, wife merely argued the motion before the trial court without any corroborative evidence. The trial court heard the arguments, considered the arguments, and denied the motion for a continuance. Further, wife has shown no prejudice from the denial of her motion. Although she alleged the trial court file could not be found by the clerk's office when her attorney attempted to review it on January 20, 2012, she did not indicate when the file was located or allege how the delay adversely impacted counsel's preparation. Further, wife was in fact present and testified at trial, and she had the opportunity to present her case and be represented at trial. Based on the record before us, we cannot say that the trial court abused its discretion.

### B. Objections to Divorce Decree

Wife next argues that the trial court erred by not allowing her to state or file objections contemporaneously with the entry of the divorce decree. Specifically, wife argues that she was deprived of a meaningful opportunity to address the terms of the divorce decree. We disagree.

Contrary to wife's argument, she had ample opportunity to file objections and address the terms of the divorce decree. Wife was allowed to make closing argument on the last day of the trial. Wife filed a proposed divorce decree with findings that she asked the court to adopt. Wife

also filed a rebuttal to husband's proposed divorce decree. Nothing in the record indicates that the trial court ignored the parties' proposed divorce decrees. The trial court merely decided to draft its own divorce decree. Finally, after entry of the trial court's divorce decree, wife filed objections to the decree and a motion to reconsider.

Although the trial court dispensed with the endorsement requirements of Rule 1:13, as expressly permitted by the rule,[1] it is clear from the record that wife had the ability to note her objections to the trial court's divorce decree by filing objections with the court and making her motion for reconsideration. Wife stated her objections. We are now considering those objections. The trial court did not err in refusing to hold another hearing to allow wife to state her objections. Therefore, we hold that the trial court did not abuse its discretion in entering the final order without an additional hearing.

## C. Grounds for Divorce and Condonation

### 1. Grounds for Divorce

The trial court granted wife a divorce on the grounds of living separate and apart continuously and without interruption since June 27, 2004. Wife argues that the trial court abused its discretion because it did not grant her a divorce on the grounds of cruelty and constructive desertion. [2] Wife claims that she presented sufficient evidence to prove cruelty and

---

[1] Rule 1:13 provides

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them. Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

[2] Wife argued that the trial court erred in applying the condonation defense to the grounds for divorce. We need not address this argument because multiple grounds for divorce existed, and the trial court was free to choose between those grounds for divorce.

constructive desertion on the part of husband. Nevertheless, wife does not argue that there was insufficient evidence to support a finding that the parties had lived separate and apart for over a year. Accordingly, even if we assume that the record supports wife's argument, the trial court had two equally legitimate grounds for granting the divorce.

"'Where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'" Fadness v. Fadness, 52 Va. App. 833, 840, 667 S.E.2d 857, 861 (2008) (quoting Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 154 (1994)). Trial courts are not required "'to give precedence to one proven ground of divorce over another.'" Id. (quoting Williams v. Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992)); see also Robertson v. Robertson, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975).

Therefore, assuming without deciding that multiple grounds for divorce existed, the trial court was free to choose between those grounds for divorce. Accordingly, the trial court did not abuse its discretion by granting the divorce on the grounds of living separate and apart for more than one year because the evidence supported such a ruling.

2. Condonation

Wife further argues that the trial court erred by applying the legal defense of condonation to husband's premarital conduct. Wife argues that because the court is required to consider the grounds for divorce in determining spousal support and equitable distribution, its failure to consider this alleged ground constituted error. In support of her argument, wife points to an isolated statement in the trial court's final decree,

> [Wife] presented evidence of wrongdoing on the part of [husband]
> prior to the parties' marriage, this evidence was irrelevant except
> as to show factors contributing to [wife]'s emotional state at the
> time of separation; that due to the parties subsequent marriage, any
> wrongdoing on the part of [husband] was clearly condoned.

Wife argues that the trial court used the word *condoned* in the legal sense of *condonation*, *i.e.*, "'the [forgiveness or] remission, by one of the married parties, of an offense which he knows the other has committed against the marriage, on the condition of being continually afterward treated by the other with conjugal kindness.'" Cutlip v. Cutlip, 8 Va. App. 618, 621, 383 S.E.2d 273, 275 (1989) (quoting Owens v. Owens, 96 Va. 191, 195, 31 S.E. 72, 74 (1898)).  In so doing, wife argues the trial court did not consider the evidence presented concerning husband's pre-marital wrongdoing in calculating its equitable distribution and spousal support awards.

> In Virginia, "we presume [trial] judges know the law and correctly apply it."  An appellant can rebut the presumption by showing, either by the ruling itself or the reasoning underlying it, the trial judge misunderstood the governing legal principles.  We are particularly skeptical, however, of appellate efforts to piece together such a conclusion from fragmented remarks from the bench.

White v. White, 56 Va. App. 214, 217-18, 692 S.E.2d 289, 290-91 (2010) (alteration in original) (quoting de Haan v. de Haan, 54 Va. App. 428, 445, 680 S.E.2d 297, 306 (2009)); see also Damon v. York, 54 Va. App. 544, 555, 680 S.E.2d 354, 360 (2009) (holding it improper to "fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied").

Wife fixed upon an isolated statement by the trial court in asserting that the trial court misapplied the legal defense of condonation.  It is apparent that the trial court did not use the word *condoned* in the legal sense of *condonation*.  Instead, the context suggests that the trial court used the word in the common usage of "to pardon or forgive."  Webster's Third New International Dictionary 473 (1981).  Indeed, the trial court was saying that over twenty-three years of marriage demonstrated that wife pardoned or forgave husband's pre-marital wrongdoing.

Further, the trial court did not completely ignore wife's evidence concerning husband's pre-marital wrongdoing. To the contrary, the trial court specifically stated that it considered this evidence "to show factors contributing to [wife]'s emotional state at the time of separation." And in determining an equitable distribution award under Code § 20-107.3(E)(5), the trial court is required to consider "[t]he circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of subdivisions (1), (3) or (6) of § 20-91 or § 20-95." In determining an award of spousal support under Code § 20-107.1(E), the trial court "shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery and any other ground for divorce under the provisions of subdivision (3) or (6) of § 20-91 or § 20-95."[3]

The trial court considered the evidence as relevant regarding its equitable distribution and spousal support awards. Accordingly, we reject wife's argument and hold that the trial court properly considered wife's pre-marital evidence in calculating its equitable distribution and spousal support awards.

## D. Sale of Nelson County Property

Wife next argues that the trial court erred in ordering property held by the parties in Nelson County to be sold instead of divided in kind. We disagree.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to

---

[3] Appellant's only argument on brief is that the trial court failed to consider the quarter century old events which she alleges contributed to the dissolution of the marriage as required by Code § 20-107.3(E). However, "[c]ircumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant to determining a monetary award, need not be considered [under this subparagraph]." Aster v. Gross, 7 Va. App. 1, 5-6, 371 S.E.2d 833, 836 (1986). Of course, "[i]f the evidence of misconduct is relevant under any other factor than subparagraph (5), it may in the judge's discretion be considered when making an equitable award." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527, 458 S.E.2d 323, 326 (1995).

support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Accordingly, we will not reverse an award "[u]nless it appears from the record that the [trial court] has abused [its] discretion, . . . has not considered or misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

Wife's argument centers on the equitable distribution statute, Code § 20-107.3. Under the equitable distribution statute, the trial court, after considering the factors listed in Code § 20-107.3(E), is authorized to "divide or transfer or order the division or transfer, or both, of jointly owned marital property, jointly owed marital debt, or any part thereof." Code § 20-107.3(C). The trial court is given further authorization to effectuate the division of the marital property:

> As a means of dividing or transferring the jointly owned marital property, the court may transfer or order the transfer of real or personal property or any interest therein to one of the parties, permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property, or order its sale by private sale by the parties, through such agent as the court shall direct, or by public sale as the court shall direct without the necessity for partition.

Code § 20-107.3(C). Accordingly, the trial court may, in its discretion, choose one of the options given to it under Code § 20-107.3(C): division in kind, purchase by either party, or private or public sale.

Here, wife asked the trial court to divide the Nelson County property in kind. The Nelson County property consisted of several parts in two separate locations; the locations were called the Cascades property and the George Carter Hollow property. Husband testified that the Cascades property would be easier to sell because it was nicer and included a cabin. The George Carter Hollow property, however, would be more difficult to sell and could not be divided because one

- 8 -

part of it provided access to the other parts. After reviewing the evidence, the trial court chose to order the sale of the Nelson County property, instead of dividing it in kind.

On appeal, wife argues that the trial court erred in ordering the sale of the Nelson County property because the trial court mistakenly concluded that the Cascades and George Carter Hollow properties could not be sold separately. The language of the trial court's decision does not support this argument. The trial court held,

> [W]ith respect to the real property, the land in Nelson County is
> mountainous, difficult to access and, except for one lot, is best
> suited for sale as an entire parcel, and given the significant debts of
> both parties, the Court finds that the property should be sold and
> the proceeds divided equally between the parties.

Throughout the trial, the Cascades and George Carter Hollow properties were referred to as the Nelson County properties. The trial court's holding reflects this terminology. The trial court's decree does not require the parties to sell the Cascades and George Carter Hollow properties as one piece of property. Instead, the divorce decree contemplates multiple sales.

Wife further argues that the trial court erred in ordering the sale of the Nelson County properties because the value of the property was depressed due to prevailing market conditions. Wife states that she presented evidence to support this assertion. The only evidence presented on this issue, however, was testimony by wife that it would be a "crime" to sell the property at that time. But wife also testified that she did not actually know what the property was worth: "I mean, we[ have] agreed to value, but nobody knows what they[ are] worth right now or what they would sell for . . . ." The trial court heard the testimony, reviewed the evidence, considered the the factors listed in Code § 20-107.3(E), and decided the best course of action was to order the sale of the property, the remedy husband specifically requested. Based on the record before us, we cannot say that the trial court abused its discretion.

E.  Spousal Support

Wife's assignments of error five through thirteen are placed in one section of her brief. The section is entitled, "the trial court erred in ordering wife to pay spousal support to husband." Although this section of her brief is divided into nine assignments of error, the crux of wife's argument is that the trial court erred in failing to properly evaluate the evidence concerning her physical and mental condition, erred in assessing the property interests of the parties, and erred in calculating the obligations, needs, and financial resources of the parties, all as required by Code § 20-107.1(E)(1), (4) and (7).  Of course, these are merely three of thirteen factors that the trial court is required to consider when awarding spousal support.  See Bristow v. Bristow, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980) (holding that a trial court is required to consider all the factors enumerated in Code § 20-107.1(E)).  Significantly, however, wife fails to cite even a single principle of law or authority to support her argument that the trial court's allegedly erroneous evaluation of the evidence requires a reversal of the judgment.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.'  Unsupported assertions of error 'do not merit appellate consideration.'"  Fadness, 52 Va. App. at 850, 667 S.E.2d at 865 (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)).  Indeed,

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority.  The appellate court is not a depository in which the appellant may dump the burden of argument and research.  To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises.  On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

- 10 -

Id. (alteration in original) (quoting Jones, 51 Va. App. at 734-35, 660 S.E.2d at 345). Accordingly, if a party fails to strictly adhere to the requirements of Rule 5A:20(e), and that failure is significant, then we may treat the assignment of error as waived. Id.

Wife failed to provide any guiding legal authority. One does not simply walk into an appellate court without legal authority to guide the way. There is a plethora of legal authority on spousal support awards that wife could have used to support her arguments. It is apparent that wife abdicated her burden of research to this Court. We refuse to be an advocate for wife. "Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If [wife] believed that the trial court erred, it was [her] duty to present that error to us with legal authority to support [her] contention." Id. Because wife's failure to provide legal argument or authority is significant, she has waived her right to have these assignments of error reviewed by this Court.

### F. Tax Consequences of Husband's Spousal Support Award

Husband argues that the trial court erred in failing to calculate the tax consequences that he would incur as a result of receiving spousal support. We disagree.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the [trial] court . . . ." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). "On appeal, a trial court's decision on this subject will not be reversed 'unless there has been a clear abuse of discretion.'" Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836 (2003) (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997)).

In awarding spousal support, the trial court is required to consider all the factors enumerated in Code § 20-107.1(E)—"failure to do so is reversible error." Bristow, 221 Va. at 3, 267 S.E.2d at 90. Further, the trial court is required to make written findings of fact regarding

- 11 -

the statutory factors. See Code § 20-107.1(F) ("In contested cases in the trial courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order.").

When making a spousal support determination, "[t]he requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). However, "[w]hile a trial judge must consider all the factors, the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Pilati v. Pilati, 59 Va. App. 176, 183, 717 S.E.2d 807, 810 (2011) (quoting Duva v. Duva, 55 Va. App. 286, 300, 685 S.E.2d 842, 849 (2009)). "'What weight, if any, to assign to this [or any given] factor in the overall decision lies within the trial court's sound discretion.'" Id. (quoting Robbins v. Robbins, 48 Va. App. 466, 481, 632 S.E.2d 615, 622 (2006)).

In awarding spousal support, Code § 20-107.1(E)(13) requires the trial court to consider "[s]uch other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties." The trial court considered the tax consequences to husband in its divorce decree:

> Expert testimony as to the tax consequences for each party of payment and receipt of spousal support was presented by [husband] through his expert . . . . Although [the expert's] opinions were based on expense figures and spousal support amounts not accepted by the Court, [the expert's] testimony regarding the methods of computing the Federal and State tax consequences to the parties was not disputed and is accepted by the Court.

(emphasis in original).

Factor thirteen is one of the thirteen factors that the trial court was required to consider. The trial court made extensive findings regarding all of the spousal support statutory factors. Nevertheless, the trial court's decision does not indicate what weight, if any, it accorded to factor thirteen. It is enough that the trial court considered the proffered evidence introduced concerning the factor in making its decision. The trial court was not required to, and did not, elaborate on the weight accorded to the factor. Therefore, we hold that the trial court did not err, but instead properly considered the proffered evidence regarding factor thirteen of Code § 20-107.1(E).

## G. Attorney's Fees on Appeal

Finally, both parties seek an award of attorney's fees incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). After considering the record, we do not deem either party's appeal to be frivolous or see other sufficient reasons to warrant an award of attorney's fees. Therefore, we decline to award attorney's fees to either party on appeal.

### III.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.