COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Huff and Senior Judge Haley


SUSAN ENGELBRECHT

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1467-13-2                        PER CURIAM
                                                    MAY 27, 2014
CLYDE DAVENPORT


            FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
                          Thomas B. Hoover, Judge

        (Susan Lesley Engelbrecht, *pro se*, on brief).

        (Clyde C. Davenport, *pro se*, on brief).

        (J. Terry Osborne, on brief), Guardian *ad litem* for the minor
        children.


        Susan Engelbrecht (mother) appeals from the circuit court's July 11, 2013 order denying her

request for custody of, and visitation with, the parties' two minor children.  On appeal, mother lists

the following as her assignments of error:

                [1.] The final court order states: the mother made false allegations
                against the father.

                [2.] The final order states: the mother's request is frivolous.

                [3.] The final court order states that the father's felony child abuse
                conviction, the mother's parenting class certificate and [the
                child's] letter (exhibits A, B, and C) are not sufficient Material
                Change of Circumstance.

                [4.] The final court order requires the mother to pay the Guardian
                *ad litem* although she can't afford to pay her.

                [5.] The trial court erred by including false statements in the final
                order and not taking the indigency requirements into consideration.

        ───────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.[1] See Rule 5A:27.

BACKGROUND

The King William County Juvenile and Domestic Relations District Court denied mother's motion seeking to change custody and visitation with the parties' two minor children, alleging a material change in circumstances. Mother appealed the case to the circuit court. The circuit court heard evidence in several hearings and by order dated July 11, 2013, determined it was "in the best interest of both children to have no contact with" mother. The circuit court also prohibited mother from contacting or attempting to contact the children in any way, prohibited mother from going near the property of any King William County school or father's residence, and required her to pay the entirety of the guardian *ad litem*'s fee. The trial court denied mother's request for custody and visitation and granted father sole legal and physical custody of the children. The circuit court interviewed the teenaged children *in camera*, found the children "to be of sufficient age, ability and intellectual functioning to express their desires," and noted "it is the desire of each child to NOT have contact with the mother . . . ." Mother appeals from that order.

ANALYSIS

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

---

[1] We also deny mother's motion for an expedited hearing and the guardian *ad litem*'s motions to dismiss and to deny the appeal.

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  Rule 5A:8(b)(4)(ii).

Here, a transcript or a written statement of facts complying with Rule 5A:8(c) is indispensable to determining whether the trial court erred in making the custody and visitation determinations.  See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).  The record contains no transcripts or written statement of facts of the court proceedings in this case.

Mother had the responsibility to provide a complete record to the appellate court.  Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*).  This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).  "Even *pro se* litigants must comply with the rules of court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Furthermore, the appendix filed by mother is deficient.

> The appendix must include "any testimony and other incidents of the case germane to the [assignments of error]," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . .  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam).  Thus, the filing of an appendix

that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Mother failed to provide us with an adequate appendix to enable us to address her assignments of error. Because this case does not contain an appendix that includes parts of the record essential to the resolution of the issues before us, we affirm the judgment of the trial court.

Additionally, mother's amended opening brief fails to comply with the rules of this Court. Upon receiving mother's opening brief, this Court instructed mother that her brief failed to comply with Rules 5A:4(b), 5A:4(d), 5A:20(c), 5A:20(d), 5A:20(e), and 5A:20(h), and instructed her to submit a replacement opening brief. Mother's amended brief did not correct all of the deficiencies in the original opening brief.

Rule 5A:20(c) requires "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:20(d) requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix."

In her replacement opening brief, mother presents a limited narrative of the evidence viewed in the light most favorable to her contentions and cites no authority or precedent supporting the issues she raises on appeal. Under our standard of review, we view the evidence in the light most favorable to the prevailing party, here husband. White v. White, 56 Va. App. 214, 216, 692 S.E.2d 289, 290 (2010). Mother failed to provide any reference where each assignment of error was preserved in the trial court. See Rule 5A:20(c).

Rule 5A:20(e) requires that an appellant's opening brief to this Court contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each

assignment of error." Mere unsupported assertions of error "do not merit appellate consideration." <u>Buchanan</u>, 14 Va. App. at 56, 415 S.E.2d at 239. Appellant's brief does not comply with Rule 5A:20(e); it fails to include sufficient principles of law or any citation to legal authorities in support of the issues. A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." <u>Townes v. Commonwealth</u>, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987).

We find that mother's failure to comply with the provisions of Rule 5A:20 is significant, so we will not consider her arguments. <u>See</u> <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Accordingly, for the foregoing reasons, we summarily affirm without comment on the merits of the errors assigned on appeal. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>