COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges O'Brien and AtLee
Argued at Richmond, Virginia

**PUBLISHED**

JERRY DIXON

                                                    OPINION BY
v.      Record No. 1108-19-4         CHIEF JUDGE MARLA GRAFF DECKER
                                                    MARCH 31, 2020
REBECCA DIXON


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Charles E. Powers (Adam D. Rellick; Stiles Ewing Powers PC, on
briefs), for appellant.

Lawrence D. Diehl (Barnes & Diehl, P.C., on brief), for appellee.


Jerry Dixon (the husband) appeals a final divorce decree. He challenges the spousal

support award to Rebecca Dixon (the wife). The wife assigns cross-error and also requests an

award of attorney's fees and costs on appeal. For the reasons that follow, we affirm in part,

reverse in part, and remand to the circuit court. In addition, we deny the wife's request for

appellate fees and costs.

## I. BACKGROUND[1]

The parties married in 1989. In 2017, the husband moved out of the marital residence

and filed for divorce. He alleged desertion and abandonment and, alternatively, living separately

for more than one year as grounds for the divorce. The wife filed a counter-complaint for

divorce on the grounds of desertion and cruelty.

---

[1] On appeal, this Court views the evidence in the light most favorable to the wife and
affords to her all reasonable inferences flowing from that evidence. See Kiddell v. Labowitz,
284 Va. 611, 629 (2012); Starr v. Starr, 70 Va. App. 486, 488 (2019).

During the hearing, the husband complained of the wife's hoarding and spending habits. She accused him of physical abuse. The husband made a motion to strike the wife's counter-complaint. The circuit court denied the motion.

After hearing evidence and arguments, the court entered a final decree of divorce. It granted the divorce on the ground that the parties lived apart for more than one year and fashioned an equitable distribution award. In doing so, the court offset the husband's monetary award against the spousal support award to the wife. As a result of this offset, the court set a defined duration of sixty-three months for the spousal support award.

## II. ANALYSIS

On appeal, the husband advances three assignments of error. The first two incorporate his argument that the circuit court erred in denying his motion to strike the wife's counter-complaint. The husband also assigns error to the offset of his monetary award from the equitable distribution against the wife's spousal support award. The wife agrees that the circuit court erred with regard to the offset against spousal support. However, she assigns cross-error. The wife argues that the circuit court erred by imposing a defined duration on the award of her spousal support. Further, she asks for attorney's fees and costs expended in the appeal.[2]

### A. Motion to Strike

The husband argues that the circuit court erred by failing to grant his motion to strike the wife's counter-complaint for divorce.

_____

[2] In addition, the wife asks that the appeal be dismissed due to an incomplete record. See Rule 5A:8. After a thorough analysis of the parties' arguments and an examination of the record, we conclude that the portions missing from the transcript are not necessary to resolve all parts of this appeal. Therefore, we deny the motion to dismiss and reach the parts of the appeal for which the record is adequate.

The wife's counter-complaint below sought a divorce on the grounds of desertion and cruelty.[3] See generally Code § 20-91(A)(6) (providing that a divorce may be based on desertion or cruelty). She alleged that in 2017, the husband abruptly moved out of the marital residence, announced his intention to end the marriage, stopped all financial support, and withdrew all the marital funds from their joint bank accounts. The wife also accused the husband of mentally and physically abusing her. The circuit court denied the husband's motion to strike the counter-complaint.

A denial of a motion to strike is error only if it "is conclusively apparent that [the non-moving party] has proven no cause of action" or the non-moving party's position is plainly without evidence to support it. Parson v. Miller, 296 Va. 509, 524 (2018) (quoting Egan v. Butler, 290 Va. 62, 73 (2015)). In deciding whether to strike a claim, a circuit court must "accept as true all the evidence favorable to the [claimant,] as well as any reasonable inference a [fact finder] might draw therefrom which would sustain the . . . cause of action." Chaplain v. Chaplain, 54 Va. App. 762, 772 (2009) (quoting Austin v. Shoney's, Inc., 254 Va. 134, 138 (1997)). At the motion-to-strike stage, "[t]he trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the [non-moving party] unless it would defy logic and common sense." Id. at 772-73 (quoting Austin, 254 Va. at 138).

To the extent that the husband's argument that the circuit court erred by denying his motion to strike the wife's counter-complaint is based in part on the wife's failure to sustain her claim, the argument misunderstands the posture of the case at the motion-to-strike stage. At that

---

[3] The wife later made a motion to amend her counter-complaint to ask that the court grant the divorce based on the parties' separation of more than one year. Although the circuit court did not rule on the motion at that time, it did find in the letter opinion "that cumulatively the parties seek a divorce on both fault and no-fault grounds."

stage, the question for the circuit court was whether, *viewing all the evidence in the light most favorable to the wife*, the record contained evidence sufficient to *possibly* sustain her claim. See Chaplain, 54 Va. App. at 772-73. As the circuit court correctly noted, ruling on the motion to strike was a different phase of the proceeding than considering the sufficiency of the evidence.

The husband contends that his motion to strike should have been granted because the wife's testimony about desertion and cruelty was uncorroborated. See Code § 20-99(1) (providing that a court cannot grant a divorce based on "the uncorroborated testimony" of one or both of the parties). He suggests that the circuit court "specifically found that [the w]ife did not corroborate her testimony." However, in denying the motion to strike, the judge found that the wife's claim of desertion had been corroborated. Further, in the letter opinion, the court found that the husband in fact left the marital residence in 2017 but that his departure was justified. As for the wife's claim for a divorce on the ground of cruelty, the court assumed without deciding the veracity of her accusations.[4]

Desertion is the "breach of matrimonial duty—an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party." Purce v. Patterson, 275 Va. 190, 195 (2008) (quoting Petachenko v. Petachenko, 232 Va. 296, 298-99 (1986)). The record on this issue is incomplete because the transcript provided on appeal is only partial. We do not know what evidence was presented at the hearing regarding the husband's intent when he left the marital residence in 2017. "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." Robinson v. Robinson, 50 Va. App. 189, 197

---

[4] The judge commented that the record contained "evidence of cruelty in . . . the marriage," including photographs, but noted that the wife did not present any corroborating *testimony* to support her allegation of cruelty. The judge ultimately decided that any cruelty was irrelevant because the parties later reconciled and thus it was not the cause of the dissolution of the marriage.

(2007) (second alteration in original) (quoting <u>Jenkins v. Winchester Dep't of Soc. Servs.</u>, 12 Va. App. 1178, 1185 (1991) (citation omitted)); <u>see also</u> Rule 5A:8(b)(4)(ii).  Without a complete transcript, this Court is unable to fully review the parties' evidence and arguments below on the issue of desertion.  Therefore, a transcript is indispensable to resolving the husband's first two assignments of error.

Consequently, we affirm the circuit court's decision to deny the husband's motion to strike the wife's counter-complaint.[5]

## B.  Offset

Both parties contend that the circuit court erred in offsetting the equitable distribution monetary award to the husband against the award of spousal support to the wife.[6]

In fashioning the equitable distribution award, the circuit court determined that the husband was entitled to "a credit" for $157,250, half of the parties' equity in the marital home.  The court also awarded the wife $1,500 monthly spousal support.  It provided as follows:

> [T]he duration of spousal support must be tempered by the aforementioned credit of $157,250 [the husband] received in the equity of the marital home.  That credit will serve to shorten the period of spousal support.  Had the Court not awarded support but rather made a reservation to [the wife], the statutory presumption would have been that the right would continue for one half the duration of the 28 year marriage.  Though not mandated, the Court takes guidance from that in concluding that a support duration of a similar time period—fourteen years (one half of 28)—would be appropriate.  However, after applying the credit to [the husband] of his share of the equity [in] the marital home (or $157,250), the Court calculates that an award of spousal support for approximately 5.25 years (or 63 months) is appropriate.

---

[5] Based on this holding, we do not reach the issue of whether, as the husband suggests, the only way to sufficiently corroborate such claims is through the testimony of an independent witness.  <u>See generally</u> <u>Cumbo v. Dickenson Cty. Dep't of Soc. Servs.</u>, 62 Va. App. 124, 127 n.2 (2013) (noting that appellate courts should decide cases on the "best and narrowest" grounds (quoting <u>Luginbyhl v. Commonwealth</u>, 48 Va. App. 58, 64 (2006) (*en banc*))).

[6] Legal concessions are not binding on appellate review.  <u>Va. Marine Res. Comm'n v. Chincoteague Inn</u>, 287 Va. 371, 389 (2014).

Accordingly, the court ordered that the husband pay the wife the monthly amount of $1,500 in spousal support for sixty-three months.

Both parties argue that the circuit court did not have the statutory authority to offset the equitable distribution monetary award against spousal support. The husband complains that the practical effect of the offset is that he will not receive the monetary award due to him until the end of the sixty-three-month spousal support period. He suggests that this arrangement impermissibly made part of his equitable distribution award contingent on future circumstances. The wife contends that the circuit court erroneously considered spousal support as a factor in fashioning the equitable distribution award.

On review, a circuit court's "equitable distribution award will not be overturned unless the [appellate court] finds 'an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83 (2014) (quoting Wiencko v. Takayama, 62 Va. App. 217, 229-30 (2013)). However, to the extent that the appeal requires an examination of the proper interpretation and application of Code § 20-107.3, it involves issues of law, which the Court reviews *de novo* on appeal. See David v. David, 287 Va. 231, 237 (2014).

"[J]urisdiction in divorce suits is purely statutory." Anthony, 63 Va. App. at 90 (quoting Watkins v. Watkins, 220 Va. 1051, 1054 (1980)). Code § 20-107.3 authorizes a circuit court entering a divorce decree to also determine equitable distribution. The statute requires the court, after classifying and valuing the parties' property, to distribute it to them. Fox v. Fox, 61 Va. App. 185, 193 (2012). In doing so, the court has the power to grant a monetary award to either party. Code § 20-107.3(D).

The offset of the husband's monetary award against the end of the wife's spousal support award was based on the assumption that the wife would otherwise be due spousal support for

- 6 -

fourteen years after the divorce decree was entered, the duration that the court noted that it would have imposed absent the "credit." However, certain events can trigger the end of the duty to pay spousal support. Generally, spousal support terminates when either party dies, the supported party remarries, or the supported party lives with someone in a relationship analogous to marriage for one year or more. See Code § 20-109(A), (D). Therefore, the effect of offsetting the monetary award against spousal support was to make the award conditioned on future circumstances.

The question here is whether, in light of the applicable statutory provisions, the circuit court had authority to attach contingencies based on future events to a monetary award issued under Code § 20-107.3(D).

"We look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute." Fox, 61 Va. App. at 196 (quoting Addison v. Jurgelsky, 281 Va. 205, 208 (2011)). The equitable distribution statute provides, in pertinent part, that based on a variety of factors, a court granting a divorce "has the power to grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party." Code § 20-107.3(D). The various factors relevant to determining a monetary award do not encompass the future continuity of a spousal support award. See Code § 20-107.3(D)-(E). The statute expressly provides that a court "shall determine the amount of any such monetary award *without regard to maintenance and support awarded for either party*." Code § 20-107.3(F) (emphasis added). Further, the statute does not permit conditioning payment of such an award on future circumstances. See generally Code § 20-107.3(D) (not listing any future circumstances as relevant).

In contrast, the equitable distribution statute provides for conditional monetary awards in distributing pension, profit-sharing, deferred compensation, or retirement benefits (hereafter

referred to collectively as retirement benefits). The statute provides that in addition to a monetary award issued under subsection (D), a "court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property." Code § 20-107.3(G). The court may order such an award to be payable as a "direct payment of such percentage of the marital share by direct assignment." Id. "However, *the court shall only direct that payment be made as such benefits are payable*." Id. (emphasis added). Thus, under the plain language of the statute, payment of an award based on a percentage of the marital share of retirement benefits is strictly limited to payment after the benefit distribution begins. See id. This statutory language also necessarily means that such an award is contingent on future circumstances because it cannot be payable unless benefit distribution occurs. See McGinniss v. McGinniss, 49 Va. App. 180, 185 (2006) (describing retirement benefits as "future oriented" (quoting Banagan v. Banagan, 17 Va. App. 321, 324 (1993))).

"[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." Fox, 61 Va. App. at 196. The inclusion of statutory language indicating that monetary awards based on retirement benefits are contingent on the actual distribution of those benefits signals that the omission of language permitting conditional monetary awards under subsection (D) was intentional. Therefore, based on the plain language of the statute, it does not authorize a general equitable distribution monetary award that is contingent on future circumstances. See Reid v. Reid, 7 Va. App. 553, 565 (1989) ("It is axiomatic that whatever the future may hold for either of the parties has no bearing on the issue of the appropriate division of what has been accumulated by their contributions during the marriage.").

Supporting this interpretation of the plain meaning of Code § 20-107.3(D) is the purpose of equitable distribution. A monetary award to equitably distribute marital property "involves an adjustment of the equities, rights and interests of the parties in marital property." Patel v. Patel, 61 Va. App. 714, 729 n.8 (2013) (quoting Stumbo v. Stumbo, 20 Va. App. 685, 691 (1995)). "The clear legislative intent embodied in [Code § 20-107.3] is to maintain an appropriate separation between considerations of . . . spousal support and considerations of an equitable division of marital wealth. This is appropriate because support and equitable distribution awards are based on entirely different considerations and serve entirely different purposes." Williams v. Williams, 4 Va. App. 19, 24 (1987). See generally Patel, 61 Va. App. at 729 n.8 ("Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship." (quoting Stumbo, 20 Va. App. at 691)).

On the "termination of the marriage[,] . . . whatever marital wealth has been accumulated is to be equitably distributed at that time." Reid, 7 Va. App. at 565. A court shall base the division of marital property, "the amount of any monetary award," and "the method of payment" on a variety of circumstances. Code § 20-107.3(E). The relevant factors largely pertain to the parties' marriage and contributions to the family. See Code § 20-107.3(E)(1)-(2), (5), (10). Such factors require the court to consider evidence of events prior to the date of the hearing.[7]

In short, the division of marital property and related monetary awards generally are grounded in the past and not based on the parties' future circumstances. See Reid, 7 Va. App. at 565 ("Code § 20-107.3 provides for the equitable distribution of the *accumulated* marital wealth

---

[7] We recognize that two of the factors implicate future circumstances: (1) the tax consequences to the parties and (2) the parties' ages and conditions. See Code § 20-107.3(E)(4), (9); White v. White, 56 Va. App. 214, 219-20 (2019) (explaining that age and condition are relevant to future needs). However, the statute's consideration of future needs in two categories does not negate its overarching focus on past circumstances. See White, 56 Va. App. at 219 (explaining that the statute's "catch-all factor" does not contemplate the parties' future needs).

- 9 -

between the marital parties . . . ."). This approach logically stems from the purpose of equitable distribution to allocate the parties' rights and interests in marital property, which typically have accrued prior to the time of separation or the evidentiary hearing. See id. An exception to this general rule exists for retirement benefits, which are necessarily "future oriented." See McGinniss, 49 Va. App. at 185 (quoting Banagan, 17 Va. App. at 324).

Based on the plain language of Code § 20-107.3 and the purpose of the equitable distribution statute, the circuit court erred by making the husband's monetary award for his share of the marital equity in the house contingent on future circumstances. Therefore, we reverse and remand on this issue.

### C. Spousal Support

The wife argues that the circuit court erred by limiting her award of spousal support to a defined duration.

Virginia's statutory scheme requires the circuit court, in determining whether to award spousal support, to consider the "provisions made with regard to the marital property under § 20-107.3" in effecting an equitable distribution of the marital estate. Code § 20-107.1(E)(8). A monetary award is a component of equitable distribution and thus a required consideration in determining spousal support. See Code § 20-107.1(E)(8). Accordingly, our ruling reversing the equitable distribution award and remanding the case for additional proceedings requires that the circuit court, on remand, also revisit the award of spousal support in order to make any necessary adjustments. See Robinson v. Robinson, 46 Va. App. 652, 671 (2005) (*en banc*). As a result, we do not reach the wife's assignment of cross-error challenging the defined duration placed on her award of spousal support.

D.  Attorney's Fees and Costs

The wife asks for an award of attorney's fees and costs incurred on appeal.

Pursuant to Rule 5A:30, in specified cases in which attorneys' fees and costs are recoverable under Title 20 of the Code of Virginia, the Court of Appeals may award some or all of the fees and costs requested or "remand the issue to the circuit court . . . for a determination thereof."  Rule 5A:30(a), (b).  Whether to award fees and costs is discretionary.  See id.; Alwan v. Alwan, 70 Va. App. 599, 613 (2019).  In determining whether to make such an award, the Court may consider factors including whether the requesting party has prevailed, whether the appeal was "fairly debatable" or frivolous, and whether other reasons exist to support an award of attorney's fees and costs.  See Rule 5A:30(a), (b)(3); Brandau v. Brandau, 52 Va. App. 632, 642 (2008); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996).  In addition, Rule 5A:30(b)(3) specifically directs this Court to "consider all the equities of the case."

In light of all the factors set out in Rule 5A:30, the applicable case law, the issues raised, and a review of the record, we exercise our discretion to decline to award attorney's fees and costs to the wife.  See, e.g., Wright v. Wright, 61 Va. App. 432, 470 (2013).

III.  CONCLUSION

For the reasons provided, we affirm in part, reverse in part, and remand.  The husband's argument that the circuit court erred by denying his motion to strike the wife's counter-complaint fails.  However, we hold that the court erred by offsetting the husband's equitable distribution monetary award against the wife's spousal support award.  We reverse and remand in order for the circuit court to reconsider equitable distribution.  The court is also required to consider any necessary adjustments to its spousal support award in light of the adjustment in equitable distribution.  Finally, we deny the wife's request for attorney's fees and costs incurred on appeal.

Affirmed in part, reversed in part, and remanded.